Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletree.com
Jesse C. Ferrantella CA Bar No. 279131
jesse.ferrantella@ogletree.com
Brittney L. Turner CA Bar No. 319818
brittney.turner@ogletree.com
Brett A. Overby CA Bar No. 317653
brett.overby@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
19191 S. Vermont Avenue, Suite 635
Torrance, CA  90502
Telephone:   310-217-8191
Facsimile:    310-217-8184

Attorneys for Defendant XPO LOGISTICS FREIGHT, INC.

## UNITED STATES DISTRICT COURT

## Central DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN BLOUGH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>XPO LOGISTICS FREIGHT, INC., and DOES 1 – 50, inclusive,<br><br>Defendant. | Case No. 2:24-cv-08148 MWF (JPRx)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT**<br><br>[*Filed concurrently with Declaration of Brittney L. Turner; Evidentiary Objections; and Response to Separate Statement*]<br><br>**Date: October 27, 2025**<br>**Time: 10:00 a.m.**<br>**Place: Courtroom 5A**<br>**Judge: Micheal W. Fitzgerald**<br><br>Complaint Filed: August 22, 2024<br>Trial Date: February 24, 2026<br>District Judge: Michael W. Fitzgerald<br>Magistrate Judge: Jean P. Rosenbluth |

## I. INTRODUCTION

Plaintiff Glen Blough's opposition to Defendant's motion for summary judgment represents a desperate attempt to introduce unsupported arguments. None of Plaintiff's contentions are substantiated by the evidence in the record. Indeed, Plaintiff's factual assertions are often directly contradicted by the very evidence he purports to cite in support. Recognizing this fundamental lack of evidentiary support and the absence of any evidence demonstrating discriminatory animus, Plaintiff further attempts to shore up his claims by submitting a declaration based almost entirely "upon information and belief." Such a declaration, lacking proper foundation and based on speculation, is inadmissible as a matter of law.

Plaintiff's burden in opposing summary judgment required him to present ***admissible*** evidence demonstrating a genuine issue of material fact. Specifically, in the context of his age discrimination claim and its derivative wrongful termination claim, Plaintiff needed to produce admissible evidence proving that XPO's legitimate, non-discriminatory reason for termination was pretextual. Plaintiff has completely and utterly failed to satisfy this critical burden. The only ***admissible*** evidence establishes that Plaintiff knew he was supposed to report the fuel spill at issue (a fact he concedes), Plaintiff failed to report the fuel spill at issue (a fact he concedes), and XPO terminated Plaintiff solely for this failure to report. Plaintiff's speculative' questions and accusations concerning the soundness of XPO's termination decision are irrelevant for the purposes of this motion. Plaintiff has not, and cannot, demonstrate that XPO terminated him for any reason other than his failure to report the fuel spill, nor has he shown any discriminatory animus related to his age. Similarly, Plaintiff has failed to present sufficient evidence to establish entitlement to punitive damages. For these compelling reasons, and those further detailed below, XPO is unequivocally entitled to summary judgment.

## II. PLAINTIFF'S BURDEN TO DEFEAT SUMMARY JUDGMENT'

If the moving party on a motion for summary judgment successfully meets its

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

2    CASE NO. 2:24-CV-08148 MWF (JPRX)
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

initial burden, the onus then shifts to the non-moving party to present specific facts demonstrating a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588, (1986). Crucially, when a party fails to properly address another party's asserted facts, these facts are deemed undisputed for the purposes of the summary judgment motion. Fed. R. Civ. P. 56(e)(2).

A non-moving party's "bald assertions" alone are insufficient to provide the necessary evidence to withstand summary judgment. (*F.T.C. v. Stefanchik* (9th Cir. 2009) 559 F.3d 924, 927.) Moreover, "uncorroborated and self-serving" testimony is not sufficient to create a genuine issue of material fact, as it lacks the requisite reliability. (*Villiarimo v. Aloha Island Air, Inc.* (9th Cir. 2002) 281 F.3d 1054, 1061.) If the motion and its supporting materials, including facts considered undisputed, demonstrate that the movant is entitled to summary judgment, the court may properly grant the motion. Fed. R. Civ. P. 56(e)(3). On a motion for summary judgment, declarations and other evidence that would not be admissible pursuant to the Federal Rules of Evidence are subject to timely objection and may be stricken. (Fed. Rule Civ. Proc. 56(c)(2); *see FDIC v. New Hampshire Ins. Co.* (9th Cir. 1992) 953 F.2d 478, 484.)

### III. PLAINTIFF CANNOT DEMONSTRATE A GENUINE ISSUE OF MATERIAL FACT REGARDING HIS AGE DISCRIMINATION CLAIM, ENTITLING XPO TO SUMMARY JUDGMENT

Plaintiff dedicates substantial effort in his opposition to attempting to establish a prima facie case of age discrimination. However, consistent with his other arguments, his factual claims in support of a prima facie case are entirely unsupported by the record. (*See, e.g.,* Defendant's Response to Statement of Genuine Disputes at Opposing Party's Uncontroverted Fact and Supporting Evidence at Nos. 21, 22, 25,

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

3   CASE NO. 2:24-CV-08148 MWF (JPRx)
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

27, 50, 51, 54, 57, 70, 83, 101.) Furthermore, as extensively discussed in XPO's initial moving papers, even assuming, *arguendo*, that Plaintiff could establish a prima facie case of age discrimination, he is utterly incapable of overcoming XPO's legitimate, non-discriminatory reason for his termination because he has failed to produce any evidence whatsoever of discriminatory animus or pretext.

As established in XPO's initial moving papers, an employer's "honest belief" regarding a legitimate, non-discriminatory reason for termination is legally sufficient. A court "need not waste time reviewing the accuracy of the reason," because the focus in a discrimination case is the employer's belief in its stated reason, not the objective truth or falsity of the underlying facts. (*King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426, 436.)

Here, XPO's decision-makers genuinely believed that Plaintiff's failure to report the fuel spill constituted a terminable offense. Plaintiff attempts to circumvent this by arguing, with unsupported factual allegations and demonstrably false assertions, that his failure to report was not actually a terminable offense. However, Plaintiff fails to cite any evidence whatsoever to suggest that XPO lacked an honest belief that his failure to report the fuel spill justified termination. Given this evidentiary void, Plaintiff's claim must fail.

Plaintiff bears the rigorous burden of demonstrating significant evidence of pretext to defeat XPO's legitimate, non-discriminatory reason for termination. He must do so by offering "specific and substantial evidence" that XPO's stated reason for termination is merely a pretext for age discrimination. (*Morgan v. Regents of Univ. of Cal.* (2000) 88 Cal.App.4th 52, 69.) Plaintiff's sole attempt to present such specific and substantial evidence of pretext rests on his own self-serving declaration, which is based almost entirely "upon information and belief" and consists of vague, general allegations lacking proper foundation. No part of Plaintiff's declaration testimony is admissible. Consequently, it is beyond dispute that Plaintiff has failed to meet his burden and has not presented the "specific and substantial" evidence required to defeat

Ogletree, Deakins,
Nash, Smoak &
Stewart, P.C.

4     Case No. 2:24-cv-08148 MWF (JPRx)
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

summary judgment.

The additional evidence of pretext cited by Plaintiff is simply not supported by the actual record, as comprehensively indicated in Defendant's Response to Statement of Genuine Disputes filed concurrently herewith. For instance, Plaintiff contends that he was fired, "while other employees were *not even disciplined* for the same conduct." (Opposition at p. 21, line 17-18.) However, there is not a shred of evidence demonstrating that any other employee ever engaged in the same conduct of causing a fuel spill and subsequently driving away without reporting it to anyone. (*See, e.g.*, Defendant's Response to Statement of Genuine Disputes at UNF 48.) Similarly, Plaintiff asserts that "Orozco's decision to fire Mr. Blough based on the 'investigation'—in which Mr. Blough was never asked any details, other managers and dispatchers were not asked if the spill was reported to them, and Orozco did not review Espino's witness statement or any video footage showing Mr. Blough or the fuel spill—is further evidence of pretext." Each of these contentions is demonstrably false and directly contradicted by the evidence, as shown in the table below:

| PLAINTIFF'S CONTENTION | CONTRADICTORY EVIDENCE |
|---|---|
| Mr. Blough was never asked any details during the investigation. | Blough Depo., p. 105, line 5 to p. 106, line 23: <br><br> Plaintiff's testimony, *as cited by Plaintiff*, was that at the meeting where he was placed on suspension he remembers the following: <br><br> A. Walked in, they said have a seat. They said that there was a fuel spill, did I know anything about it. I said yes. **And asked me what happened**, and I basically told them the same things I told you already about what happened. They said okay, here's what we're going to do. They took my employee badge, took all my keys, everything work-related. Said we're going to place you on suspension with pay pending our review or investigation. <br><br> Q. Okay. Did they say anything else, you |

| | |
|---|---|
| | know, to the effect of, like – did they ask you questions like why didn't you call someone? |
| | A. No, not really. **They asked me what happened**. They said – yeah, I don't really remember. It's kind of been a little while. |
| | Q. Okay. Did you tell them you hadn't noticed the spill? |
| | A. No. I never said that. |
| | Q. Do you remember anything else from that meeting, anything anyone said? |
| | A. No. But I do remember telling them, too, the mop bucket is gone. Where is the mop bucket. I've been asking Abraham what happened to the mop bucket. They were just more focused on why I didn't tell anybody. **They were all why didn't you tell anybody? Why didn't you tell anybody?** That was all they were focused on. |
| | Q. Okay. What was your response? |
| | A. I just said there was nobody here. There was no supervisor or manager on duty when I was here. |
| | Q. Uh-huh. Did they have a response to that? |
| | A. No. |
| | Q. Do you remember anything else from that meeting? |
| | A. No, not really. |
| | (*See, e.g.*, Defendant's Response to Statement of Genuine Disputes at Defendant's UNF 44, citing Blough Depo. at p., 105, line 5 to p. 106, line 23 (Emphasis added).) |
| Other managers and dispatchers were not asked if the spill was reported to them. | Antuna Depo., p. 38, lines 7 – 20. Manager Ozzie Antuna testified that Abraham Tiscareno asked him, within 24 hours of the spill, whether anyone had reported the spill to him. |

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

6   CASE NO. 2:24-CV-08148 MWF (JPRx)
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | Orozco did not review Espino's witness statement. | Orozco Depo., p. 64, line 19 to p. 65, line 2:<br><br>Orozco testified that, on the day of his deposition (September 3, 2025), he could not remember whether he had reviewed the Fernando Espino statement.<br><br>(*See, e.g.*, Defendant's Response to Statement of Genuine Disputes at Defendant's UNF 43, citing Orozco Depo. at p. 64, line 19 to p. 65, line 2.) |
| 8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | Orozco did not review any video footage showing Mr. Blough or the fuel spill. | Orozco Depo., p. 39, lines 2-22:<br><br>Q. Okay. So let's take a step back then. So after those phone calls with Abraham and Juan, at some point you reviewed video footage. Is that right?<br><br>A. Yes.<br><br>Q. Okay. Tell me how that occurred.<br><br>A. What do you mean? I'm not following. So the video evidence was provided, I reviewed it and noticed that he clearly left the truck unattended.<br><br>Q. Who provided the video evidence?<br><br>A. I don't recall.<br><br>Q. You personally reviewed the video evidence?<br><br>A. Yes.<br><br>Q. Did you review it with anyone else?<br><br>A. HR.<br><br>Q. And did you review that video evidence the day that you first discovered the spill or was it afterwards?<br><br>A. Day of.<br><br>Q. And tell me what you recall from that video footage?<br><br>A. I don't recall exactly, but I remember him leaving the scene of the spill.<br><br>(*See, e.g.,* Defendant's Response to Statement of Genuine Disputes at Defendant's UNF 44, citing Orozco Depo. |

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

7   CASE NO. 2:24-CV-08148 MWF (JPRX)
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

at p. 39, lines 2 to 22.)

Plaintiff's demonstrably false and misleading factual contentions permeate his entire opposition. Such disingenuous assertions are concerning and raise serious questions regarding his attorneys' compliance with their obligations under Federal Rule of Civil Procedure 11(b) (Fed. R. Civ. Proc. 11(b)(3),(4) (requiring that factual contentions have evidentiary support and that denials of factual contentions are warranted on the evidence)).

As explicitly noted in XPO's moving papers, and as conceded by Plaintiff in his opposition, his wrongful termination claim is predicated entirely on the success of his age discrimination claim. Therefore, because his age discrimination claim lacks evidentiary support and consequently fails, his derivative wrongful termination claim must also necessarily fail.

## IV. PLAINTIFF FAILED TO SHOW A GENUINE ISSUE OF MATERIAL FACT REGARDING PUNITIVE DAMAGES

### A. PLAINTIFF FAILED TO DEMONSTRATE WITH CLEAR AND CONVINCING EVIDENCE THAT THE DECISION-MAKERS WERE MANAGING AGENTS

As articulated in XPO's moving papers, evidence submitted in response to a motion for summary judgment concerning punitive damages must satisfy the heightened "clear and convincing evidence" standard. (*Basich v. Allstate Ins. Co.* (2001) 87 Cal.App.4th 1112, 1121.)

Plaintiff contends that a genuine issue of material fact exists as to whether any of the decision-makers were managing agents. He argues that "Significant evidence indicates that each of these individuals created a 'de facto' policy for Defendant by participating in the unprecedented decision to fire Mr. Blough, without prior warnings, for failing to report a fuel spill." (Plaintiff's Opposition at p. 24, lines 20-22.) Essentially, Plaintiff claims that a single act—the termination of Plaintiff–somehow established a de facto corporate policy. This assertion suffers from two fatal flaws. *First*, Plaintiff's underlying factual contentions are entirely unsupported by the

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

8   CASE NO. 2:24-CV-08148 MWF (JPRX)
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

evidence in the record. For example, Plaintiff's contention that "within days of the termination, Defendant began training employees on how to respond to fuel spills, which indicated that employees were being instructed about this new policy created by the decisionmakers," is not only unsupported but is directly contradicted by the very testimony Plaintiff cites as support. The specific testimony Plaintiff claims supports the idea that Defendant began "training" employees on how to respond to fuel spills is that of Abraham Tiscareno, found at pages 44, line 5 to 45, line 1 of his deposition, which is presented below.

> Q. After Mr. Blough's termination or since his termination, has there been any training for Santa Fe Springs employees regarding what to do in the event of a fuel spill specifically?
>
> A**. To my knowledge, specific training, I would say not to my knowledge. But I do know there was awareness raised about that specific incident.**
>
> Q. What do you mean by that?
>
> A. So after Glen Blough's termination of not reporting the incident, this accident that took place, we did have communication meetings with the employees to raise awareness on how to properly handle spills, accidents, incidents in relation to Mr. Blough's incident.
>
> Q. Can you estimate for me how long after Mr. Blough's termination did you first start having these communication meetings with employees?
>
> A. In my experience in this specific experience, a case of this severity, we would begin communication as soon as we found out about the incident, so within approximately within that same week that he was terminated.

(Plaintiff's UMF No. 104, citing Tiscareno Depo., p. 44, line 5 to p. 45, line 1 (emphasis added).) Similarly, Plaintiff asserts, without any factual support, that the policy used to justify the termination applies only to vehicular accidents and not to fuel spills. (*See, e.g.*, Defendant's Response to Statement of Genuine Issues at Opposing Party's Uncontroverted Facts and Supporting Evidence No. 117.) The second fatal flaw in Plaintiff's claims regarding the alleged "de facto policy" is that the *Egan v. Mutual of Omaha Ins. Co.* case, relied upon by Plaintiff, explicitly clarifies

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

9   CASE NO. 2:24-CV-08148 MWF (JPRx)
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

that "a single act by one employee in an isolated instance **does not, of course, establish a de facto policy**." (*Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 834 (emphasis added).) Thus, Plaintiff's claim that a genuine issue of material fact exists regarding whether the decision-makers were managing agents unequivocally fails.

### B. PLAINTIFF'S ARGUMENT THAT A JURY COULD DETERMINE DEFENDANT COMMITTED FRAUD IS WHOLLY UNSUPPORTED BY THE EVIDENCE

Plaintiff posits that his punitive damages claim should withstand summary judgment because a jury could potentially determine that Defendant committed fraud based on Orozco's alleged actions. However, consistent with many of Plaintiff's other arguments, and as conclusively established in Defendant's Response to Statement of Genuine Disputes, this argument is not supported by any actual evidence. For example, Plaintiff claims that Orozco misrepresented to Melero that Blough had caused a fuel spill and drove off, even though Orozco had not actually seen the spill "in person or in video footage, nor had he been told any details about the size of the spill." The evidence, however, demonstrates precisely the opposite. Orozco specifically testified that he "walked right by the spill," that, "as I got closer you can see the mess," and unequivocally stated "it was a large fuel spill." (Defendant's Response to Statement of Genuine Disputes at Defendant's UNF No. 43, citing to Orozco Depo., p. 32, lines 1 to 5; p. 33, lines 2 to 5; p. 34, lines 18 to 20.) Furthermore, regarding the video footage, Orozco testified that he did indeed review the video footage on the day of the spill, prior to making his recommendation to Melero. (*Id.*, citing to Orozco Depo., p. 39, lines 2 to 22.) In summary, Plaintiff has failed to provide any admissible evidence to support his argument that his punitive damages claim should survive summary judgment on the basis that a jury could determine Defendant committed fraud.

### V. CONCLUSION

Based on the foregoing undisputed facts and controlling legal principles, the

Court should grant summary judgment in favor of XPO. However, should the Court find any reason not to grant full summary judgment, XPO respectfully requests partial summary judgment on all issues as set forth herein and in its initial moving papers.

DATED: October 10, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Brittney L. Turner*
Tim L. Johnson
Jesse C. Ferrantella
Brittney L. Turner
Brett A. Overby

Attorneys for Defendant
XPO LOGISTICS FREIGHT, INC.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

11   CASE NO. 2:24-CV-08148 MWF (JPRX)
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

# CERTIFICATION

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 2,785 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 10, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Brittney L. Turner*
Tim L. Johnson
Jesse C. Ferrantella
Brittney L. Turner
Brett A. Overby

Attorneys for Defendant
XPO LOGISTICS FREIGHT, INC.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

12   Case No. 2:24-cv-08148 MWF (JPRx)
REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT